FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 22 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BETTY J. BEAN, BEVERLY WARD AND
JENNIFER HOOPER, INDIVIDUALLY,
AND ON BEHALF OF THOSE
SIMILARLY SITUATED,

        Plaintiffs,

v.

FULTON COUNTY SCHOOL SYSTEM
a/k/a FULTON COUNTY SCHOOL
DISTRICT, a/k/a, FULTON COUNTY
SCHOOLS, FULTON COUNTY BOARD OF
EDUCATION, and JAMES WILSON,
SUPERINTENDENT OF FULTON COUNTY
SCHOOLS,

        Defendants.

CIVIL ACTION NO.

1:07-CV-0484-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on defendants' Motions
to Dismiss [2] and [12], plaintiffs' Motion to Restrict
Communications with Putative Class Members [5], and plaintiffs'
unopposed Motion for a Scheduling Conference and Order [10]. The
Court has reviewed the record and the arguments of the parties and,
for the reasons set out below, concludes that defendants' Motions to
Dismiss [2] and [12] should be **GRANTED in part** and **DENIED in part**,
plaintiffs' Motion to Restrict Communications with Putative Class

Members [5] should be **DENIED as moot**, and plaintiffs' Motion for a Scheduling Conference and Order [10] should be **GRANTED**.

<u>**BACKGROUND**</u>

Plaintiffs are teaching assistants and other classified employees of the Fulton County School District (the "School District"). (Amended Compl. [3] at ¶ 1.) Prior to December 2006, plaintiffs drove school buses or served as bus aides for several hours before and after school, in addition to working as teaching assistants during the school day. (*Id.*) Plaintiffs generally worked approximately 37.5 hours per week at their primary job during the school day, and an additional 27.5 hours per week driving a school bus or serving as a bus aide before and after school. (*Id.* at ¶ 15.) Although plaintiffs typically worked 65 hours per week, the School District never paid them overtime compensation. (*Id.*)

In December 2006, the School District was advised by its attorney that its failure to provide overtime compensation to plaintiffs and similar employees violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*Id.* at ¶ 20.) Thereafter, defendant terminated its practice of hiring employees in the dual roles of teaching assistants and bus drivers or bus aides. (Amended Compl. [3] at ¶ 20.) Plaintiffs subsequently filed this action to recover unpaid overtime wages and damages pursuant to §§ 207 and 216(b) of the FLSA. (*Id.* at 13-14.) Plaintiffs have requested that

2

the case be certified as an FLSA collective action.   (*Id.* at ¶ 22.)
Certification would permit similarly situated employees to opt-in to
the litigation.   *See* 29 U.S.C. § 216(b).

Defendants filed a motion to dismiss plaintiffs' original
complaint pursuant to Federal Rule 12(b)(6) for failure to state a
claim.   (Defs.' Mot. to Dismiss [2] at 1.)   Plaintiffs subsequently
filed an amended complaint, to which defendants responded with a
second Rule 12(b)(6) motion.   (Defs.' Second Mot. to Dismiss [12] at
1.)   In its second motion, defendants alternatively requested an
order under Rule 12(e) requiring plaintiffs to submit a more definite
statement of their claims.   (*Id.* at 2.)   Plaintiffs have filed a
motion to restrict defendants' communications with putative class
members and a motion for a scheduling conference and order.   (Pls.'
Mot. to Restrict Communications [5]; Pls.' Mot. for Scheduling
Conference [10].)   All of these motions are presently before the
Court.

## DISCUSSION

### I.   Defendants' Rule 12(b)(6) Motion

#### A.   Standard for Dismissal

In deciding a motion to dismiss, the Court assumes that all of
the allegations in the complaint are true, and construes all of the
facts in favor of the plaintiff. *Scott v. Taylor,* 405 F.3d 1251, 1253
(11th Cir. 2005).   That said, a complaint must provide more than

3

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). To avoid dismissal, plaintiffs' factual allegations must raise more than a speculative right to relief, and the complaint must include "either direct or inferential allegations respecting all material elements" of the asserted cause of action. *Id.* at 1965, 1969.

**B.    Various Fulton County Defendants' Motions to Dismiss**

In their amended complaint, plaintiffs named the following defendants:   Fulton County School System, Fulton County School District, Fulton County Schools, and Fulton County Board of Education.   (Amended Compl. [3].)   The parties have agreed that the proper county defendant in this action is the Fulton County School District.   (*See* Joint Mot. for Entry of Order [17].)   The Fulton County Board of Education is not a legal entity that can be sued. *See Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841, 412 S.E. 2d 828 (1992)(stating that "a county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to be sued").   Likewise, "Fulton County Schools" and "Fulton County School System" are not separate legal entities, but alternative ways of saying Fulton County School District.   A suit against these entities would therefore be redundant and possibly confusing to the jury. *Busby v. City of Orlando*, 931 F.2d 764, 776

4

(11th Cir. 1991). Accordingly, defendants' motion to dismiss is **GRANTED** as to: Fulton County School System, Fulton County Schools, and Fulton County Board of Education. Plaintiffs should not name these defendants in future pleadings.[1]

### C.    James Wilson's Motion to Dismiss

Plaintiffs also named James Wilson, the superintendent of the Fulton County School District, as a defendant. (Amended Compl. [3] at ¶ 4.) Plaintiffs recently clarified that they intended to name Mr. Wilson solely in his official capacity. (Pls.' Response to Defs.' Mot. to Dismiss [4] at 5.) The Eleventh Circuit has held that "when an officer is sued . . . in his or her official capacity, the suit is simply 'another way of pleading an action against [the] entity of which an officer is an agent.'" *Busby,* 931 F.2d at 776. It would be redundant to allow plaintiffs to assert the same claims against both the School District and Mr. Wilson in his official capacity. *Id.* Mr. Wilson's motion to dismiss is therefore **GRANTED**.

### D.    The School District's Motion to Dismiss.

The School District argues that plaintiffs' claim against it should be dismissed because: (1) the amended complaint omits basic

---

[1]    Plaintiffs' practice of continuing to name these additional entities even after agreeing that the School District is the properly named defendant has caused unnecessary confusion. For clarity, the Fulton County School District should appear as the sole county defendant on all future pleadings.

AO 72A
(Rev.8/82)

information that is essential to an FLSA claim; and (2) the complaint is "a quintessential shotgun pleading." (Defs.' Mot. to Dismiss [12] at 3-5, 12.) Neither argument is persuasive.

Plaintiffs assert a claim against the School District pursuant to §§ 207 and 216(b) of the FLSA. (Amended Compl. [3] at 13-14.) In order to recover on their FLSA claim, plaintiffs must demonstrate that defendant employed plaintiffs for longer than forty hours per week without providing overtime compensation. See 29 U.S.C. §§ 207(a)(1) and 216(b). Plaintiffs allege that the School District employed them as teaching assistants during the school day and bus drivers or bus aides for several hours before and after school. (Amended Compl. [3] at ¶ 14.) According to plaintiffs, they typically worked 65 hours per week in their dual roles as teaching assistants and bus drivers/aides, but never received overtime compensation. (Id. at ¶ 15.) These allegations are sufficient to state a claim under §§ 207 and 216 of the FLSA.

Defendant nevertheless complains that the amended complaint lacks crucial details concerning plaintiffs': (1) job titles and job descriptions; (2) work schedules; and (3) supervisors' names.[2]

---

[2] Defendant also notes that the amended complaint only mentions plaintiffs' names in the caption and in the introductory paragraph. (Defs.' Mot. to Dismiss [12] at 2-3.) This omission, if it is an omission, is insignificant. Defendant is obviously aware of plaintiffs' names. (Id. at 5.) There is no requirement that plaintiffs use their names more than once in the complaint.

AO 72A
(Rev.8/82)

(Defs.' Mot. to Dismiss [12] at 4.)  Plaintiffs allege that they are teaching assistants and bus drivers or bus aides.  (Amended Compl. [3] at ¶ 14.)  It is unclear what additional information defendant would like about their job titles.  Plaintiffs also adequately describe their work schedules.  (*Id.* at ¶¶ 14-15.)  They claim that they worked as teaching assistants during the school day for 37.5 hours per week, and as bus drivers or bus aides before and after school for an additional 27.5 hours per week.  (*Id.* at ¶ 15.) Additional information concerning plaintiffs' specific job duties and supervisory personnel may be relevant to plaintiffs' claims and is likely an appropriate topic for discovery.  *See Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506, 512 (2002)(noting that the Federal Rules prescribe a simplified notice pleading standard, relying on liberal discovery rules to further define claims).  But such details are not essential to plaintiffs' FLSA claims.  *Id.*

Neither is plaintiffs' amended complaint a "shotgun pleading." Shotgun pleadings fail to identify claims with sufficient clarity to enable defendant to frame a responsive pleading.  *Danow v. Borack*, 197 Fed. Appx. 853, 855 (11th Cir. 2006).  They usually contain several counts, "each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp.*, 305

AO 72A
(Rev.8/82)

F.3d 1293, 1295 (11th Cir. 2002).   Plaintiffs' amended complaint
contains only one count, which clearly and succinctly sets forth the
factual basis of plaintiffs' claim for unpaid overtime wages pursuant
to 29 U.S.C. §§ 207 and 216(b).   (Amended Compl. [3] at ¶ 22.)   The
complaint is appropriately limited to facts that are relevant to
plaintiffs' FLSA claim, and provides more than adequate notice to the
School District of the grounds upon which it is based.

     The School District also suggests that plaintiffs have not
properly pled an FLSA collective action.   (Defs.' Mot. to Dismiss
[12] at 4.)   Again, the Court disagrees.   To bring a collective suit
under the FLSA, the named representatives need only show that they
are "similarly situated" to putative class members.[3]   *Grayson v. K
Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).   Plaintiffs have
unquestionably met this lenient requirement.   *Id.* (noting that the
"similarly situated" standard is less stringent than the standard for
joinder under Rule 20(a) and "'considerably less stringent than the
requirement of Rule 23(b) that common questions predominate'").
Plaintiffs assert an FLSA claim on behalf of other School District
employees who worked over 40 hours per week in the dual capacity of
teaching assistants and bus drivers or bus aides, but did not receive
overtime compensation. (Amended Compl. [3] at ¶ 8.)   Any putative

---

[3]   The opt-in nature of FLSA collective actions is irrelevant for
purposes of this motion to dismiss.

AO 72A
(Rev.8/82)

class members who fall into that category would seem to be identically situated to plaintiffs.

Assuming the allegations in the amended complaint are true, plaintiffs are entitled to relief on their FLSA claim. In addition, plaintiffs have adequately pled a collective action under the FLSA.[4] Accordingly, the School District's Rule 12(b)(6) motion to dismiss is **DENIED**.

## II.   Defendants' Rule 12(e) motion.

Defendants move in the alternative for an order requiring plaintiffs to submit a more definite statement of their claims. (Defs.' Mot. to Dismiss [12] at 2.) Rule 12(e) motions are reserved for situations where the pleadings are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)(quoting FED. R. CIV. P. 12(e)). As noted above, the amended complaint states a claim for relief under ¶¶ 207 and 216(b) of the FLSA, and clearly and succinctly describes the basis for that claim: for several years prior to December 2006, plaintiffs worked for the School District for approximately 65 hours per week but did not receive overtime compensation. There is no reason that defendant should not be able

---

[4]   The Court does not express any opinion on whether this action will ultimately be certified as a collective action. That matter will be decided at a later date.

AO 72A
(Rev.8/82)

to respond to plaintiffs' allegations.   Accordingly, the School District's motion for a more definite statement is **DENIED**.

### III. <u>Plaintiffs' Motion for an Order Restricting Defendant's Communications with Putative Class Members</u>

Plaintiffs have filed a motion for an order restricting the School District's communications with putative class members. (Pls.' Mot. to Restrict Communications [5].)  Upon its initial consideration of plaintiffs' motion, the Court ordered the parties to confer and present a proposed order prohibiting both plaintiffs and the School District from contacting or attempting to influence putative class members.   (Order [23].)

The School District has submitted a proposed order, along with a letter indicating that the parties are in agreement on all aspects of the order except for the scenario in which a putative class member contacts a School District administrator concerning the litigation. (Proposed Order and Letter [24].)   The proposed order permits an administrator to respond to a putative class member's inquiry, as long as he also provides an anti-retaliation notice.   (*Id.*) Plaintiffs apparently believe that an administrator should not respond to any inquiries concerning the litigation.  (*Id.*)  However, plaintiffs have not submitted an objection to the proposed order, and they have not proposed any alternative language.

Without the benefit of any argument on the issue from

10

plaintiffs, the Court is inclined to agree with the School District that an administrator should be permitted to respond to a putative class member's inquiry concerning the litigation. Moreover, defendant's proposed order appears to address all of the concerns expressed by plaintiffs in their motion to restrict communications. If plaintiffs have any specific objections to the proposed order, they should file a formal objection within 10 days from the date of this Order. Any objection should include alternative proposed language. If plaintiffs fail to object within 10 days, the Court will enter defendant's proposed order. As the Court thus intends to enter some version of the proposed order within the next few weeks, plaintiffs' motion to restrict communications is **DENIED as moot**.

IV. **Plaintiffs' Motion for a Scheduling Conference and Order**

Plaintiffs have also filed a motion for a conference and a scheduling order pursuant to Rule 16. (Pls.' Mot. for Scheduling Conference [10].) Plaintiffs' motion for a scheduling order is **GRANTED**. The Order, which will be issued shortly, will be based on the parties' joint preliminary report and discovery plan. If plaintiffs still believe that a conference is necessary following the scheduling order, they should contact the Court.

11

## CONCLUSION

For the foregoing reasons the court **GRANTS in part** and **DENIES in part** defendants' Motions to Dismiss [2] and [12], **DENIES as moot** plaintiffs' Motion to Restrict Communications [5], and **GRANTS** plaintiffs' Motion for a Scheduling Conference and Order [10]. When plaintiffs receive the scheduling order, they should contact the Court if they still desire a scheduling conference.

SO ORDERED, this _22_ day of February, 2008.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

12